MORIAL, Judge.
Defendant, Joe Kuharcik appeals from a judgment of the district court enjoining him from selling “pot plants” [1] at any loca *57 tion other than 4154 State Street Drive in New Orleans, Louisiana.
On January 28, 1975 the Louisiana Horticulture Commission filed a petition for an injunction against defendant seeking to enjoin him from selling potted plants at locations other than 4154 State Street Drive, the address listed on the permit issued to him pursuant to LSA-R.S. 37:1961 et seq. In response to the petition, defendant filed an exception of no right and/or cause of action alleging the unconstitutionality on its face and in application of LSA-R.S. 37:1964. The court subsequently granted the injunction. Defendant appeals. We affirm.
The parties stipulated that the operations of the business were conducted at the State Street Drive address. However, it was admitted that most sales were made from a pickup truck at two other locations. The Commission contends that according to LSA-R.S. 37:1964C, defendant must obtain a permit for each location in which the “pot plants” are sold. LSA-R.S. 37:1964C provides as follows:
“C. A pot plant or nursery stock dealer shall not be required to obtain a license but shall be required to obtain a permit from the commission before engaging in business as a pot plant or nursery stock dealer, and shall pay in advance an annual fee of twenty-five dollars for each separate establishment or place of business operated by said pot plant or nursery stock dealer in which pot plants or nursery stock are sold and shall secure a renewal of such permit annually thereafter for an annual fee of twenty-five dollars as long as he conducts the business of buying and selling pot plants and nursery stock. The application for a permit shall be in writing and on forms which shall be prescribed by the commissioner.”
Defendant contends that the interpretation placed upon LSA-R.S. 37:1964 by the Louisiana Horticulture Commission is unconstitutional in that it results in the taking of his property without due process of law. Alternatively, he contends that if the interpretation given by plaintiff is correct, the act violates the equal protection clause of the Constitution of the United States.
The sale of “pot plants” is considered a professional service in the state. LSA-R. S. 37:1961C(7). LSA-R.S. 37:1964C and D specify that pot plant and cut flowers dealers are not required to obtain licenses. A “pot plant” dealer, however, must obtain a permit and pay a $25.00 annual fee for “each separate establishment or place of business” which he operates. A “cut flower” dealer must obtain a permit and pay a $25.00 annual fee for each outlet from which cut flowers will be sold.[2] Further, LSA-R.S. 37:1968E(3) requires “pot plant” dealers to “ * * * have an established permanent address for each outlet, with facilities which will meet local building and sanitary codes * * This section also provides that “ * * * each pot plant . . . dealer shall obtain a separate permit for each establishment or place of business * * *.”
Defendant alleges that an interpretation of these statutes which requires him to obtain a permit for every place he sells his wares results in the taking of his property without due process of law. We believe, as did the trial court, that the statutes do not in any way violate defendant’s due process rights. The legislature, through its power to enact laws, may regulate businesses to protect the welfare and needs of the state’s citizens. As long as those laws bear some rational relation to their purported legislative object and purpose and are neither arbitrary nor discriminatory, due process is not violated. See Schwegmann Bros. Giant Mkts. v. McCrory, 237 La. 768, 112 So.2d 606, 616 (1959).
*58 Acts of the legislature are presumed to be constitutional until they are shown to be unconstitutional. Under the clear wording of the statute defendant is required to obtain a permit for “each separate establishment or place of business” which he operates. Defendant has failed to in any manner demonstrate how this requirement has resulted in an unconstitutional infringement of his right of free enterprise. As noted by the trial court, “Mr. Kuharcik is not prevented from obtaining more than one permit. He is, however, restricted to sales only at the designated locations stated in the permit. The court is of the opinion that Mr. Kuharcik’s property is not being taken from him without due process of law.” We fully agree with this conclusion.
Defendant’s second argument centers around the differing treatment afforded to “pot plant” and “cut flower” dealers. LSA-R.S. 1961 et seq. Defendant alleges it is a violation of his constitutional guarantee of equal protection to permit “cut flower” dealers to obtain one permit and operate mobile carts throughout the city and on the other hand require “pot plant” dealers to obtain a permit for “each separate establishment or place of business.” He asserts that “pot plant” and “cut flower” dealers are similarly situated in that both are more in the class of salesman rather than persons engaged in the science or art of horticulture. Specifically, he argues that “pot plant” and “cut flower” dealers are engaged in the exact same activity, i.e., the sale of flora, with the only difference being that pot plant dealers place their flora in dirt while cut flower dealers place theirs in water.
Conceding arguendo that pot plant and cut flower dealers are similarly situated, we do not believe that the difference in the statutes results in invidious discrimination in violation of the equal protection clause of the United States Constitution. The United States Supreme Court in McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961) established some guidelines in dealing with charges of statutory denial of equal protection. The court therein stated:
“Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.”
We believe the legislature enacted these statutes in the exercise of the state’s police power for the protection of the public health and welfare. It is apparent the legislature in its wisdom recognized a greater distinction between “cut flowers” and “pot plants” than the simplistic difference noted by defendant, e.g., pot plants are rooted in soil and are viable at the time of sale. With proper care and treatment, they are expected to remain alive for indefinite periods. On the other hand, cut flowers are ephemeral. Beyond fleeting moments of beauty and fragrance they are lifeless. The differing treatment of “cut flower” and “pot plant” dealers is clearly founded upon rational considerations and does not result in unequal protection of the law.
Finding no constitutional infirmities in the statutory scheme, we hereby affirm the judgment of the trial court. Defendant is to pay all costs.

AFFIRMED.

. LSA-R.S. 1963(12) defines a “pot plant dealer” as:
“any person, firm, partnership or corporation, not a grower of pot plants, who buys or otherwise acquires pot plants for the purpose of selling or distributing the same independently of any control of the nurseryman and who does not engage in the planting of said materials or decorating with foil, crepe paper, ribbon or other decorative materials commonly used by florists.”

. LSA-R.S. 1963(26) defines “outlet” as “ an individual cart, or permanent location.”